```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

DON C. HILL, #21092                                      PETITIONER

VERSUS                            CIVIL ACTION NO. 3:05cv45TSL-AGN

WARDEN BRADLEY and JIM HOOD                              RESPONDENTS

                        OPINION AND ORDER

     On May 18, 2005, an order was entered directing the petitioner to respond within 30 days to explain why this court should not dismiss the instant habeas petition as being time barred by 28 U.S.C. § 2244(d)(1).  When the petitioner failed to comply, an order was entered on July 11, 2005, directing the petitioner to show cause within 15 days from the entry of the order why this case should not be dismissed for failure to comply with the previous order of this court.  The petitioner was warned that his failure to advise this court of a change of address or failure to timely comply would result in the dismissal of this habeas petition without further notice.

     According to the court records, it has been more than 30 days since the entry of the order of July 11, 2005, and the petitioner has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with two court orders.  The petitioner's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the respondents have not been called upon to respond to the petition, and have never appeared in this action, and since the court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the 25th      day of August, 2005.

        /s/ Tom S. Lee
        UNITED STATES DISTRICT JUDGE

2